RECEIVED

2023 FEB -3 PM 2:42

# UNITED STATES DISRICT COURT
# WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| CARL EDWARD LONG | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| VS. | ) | Case No.  4:23-cv-0072-FJG |
| | ) | |
| JEAN PETERS BAKER, | ) | |
| PROSECUTING ATTORNEY | ) | |
| FOR THE COUNTY OF JACKSON, MO. | ) | |
| | ) | |
| JORDON R. BERGES | ) | |
| ASSISTANT PROSECUTING ATTORNEY | ) | |
| FOR THE COUNTY OF JACKSON, MO. | ) | |
| | ) | |
| DARRYL FORTE | ) | |
| JACKSON COUNTY MISSOURI SHERIFF | ) | |
| | ) | |
| JEAN PETERS BAKER | ) | |
| CUSTODIAN OF THE RECORD FOR | ) | |
| JACKSON COUNTY MO. | ) | |
| PROSECUTING ATTORNEY | ) | |
| | ) | |
| Defendants | ) | |

Case 4:23-cv-00072-SRB     Document 1     Filed 02/03/23     Page 1 of 6

# COMPLAINT PURSUANT TO 42 U.S.C. 1983

Plaintiff CARL EDWARD LONG, in support of his claim herein, states and alleges the following.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims herein pursuant to 42 U.S.C. 1983 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## II. PARTIES TO THIS CIVIL ACTION

3. Plaintiff CARL EDWARD LONG is a citizen of the State of Missouri and currently resides in Independence Jackson County, Missouri.

4. Defendant Jean Petters Baker Prosecutor Jackson County Prosecutor office, Jackson County Missouri who, at all times relevant to the acts or omissions complained of herein, acted under color of the laws of the State of Missouri. On information and belief, said Defendant is a resident of the Jackson County, Missouri, and may be served process at her place of employment, Jackson County Prosecutors office 324 E. 11th Street, 11th Floor, Kansas City, Missouri, 64106.

5. Defendant JORDAN ROSS BERGUS Assistant Prosecutor for Jackson County Prosecutor office Jackson County, Missouri who, at all times relevant to the acts or omissions complained of herein, acted under color of the laws of the State of Missouri. On information and belief, said Defendant is a resident of Jackson County, Missouri, and may be served process at his place of employment, 324 E. 11th Street, 11th Floor, Kansas City, Missouri, 64106.

6. Defendant DARRYL FORTE Jackson County Missouri Sheriff Jackson County Missouri who, at all times relevant to the acts or omissions complained of herein, acted under color of the laws of the State of Missouri. On information and belief, said Defendant is a resident of Jackson County, Missouri, and may be served process at his place of employment, 4001 NE Lakewood Court Lee's Summit, Mo. 64064.

Case 4:23-cv-00072-SRB    Document 1    Filed 02/03/23    Page 2 of 6

## III. STATEMENT OF CLAIM

7. On or about December 15, 2015, JORDAN ROSS BERGUS accepted unverified evidence and made a prayer for an arrest warrant to be issued on December 15, 2015.

8. JORDAN ROSS BERGUS caused the requirements for a Bail Bond to be issued on December 15, 2015.

9. JORDAN ROSS BERGUS caused detainment, confined while under arrest.

10. JORDAN ROSS BERGUS caused a false Public Notice to be broadcast through the media.

11. JORDAN ROSS BERGUS threatened bank fraud would be added to the charges if we did not accept his plea.

12. JORDAN ROSS BERGUS failed to provide exculpatory and mitigating of evidence.

13. JORDAN ROSS BERGUS caused a grand Jury Indictment to be issued September 2, 2016.

14. JEAN PETERS BAKER, Prosecuting Attorney for the County of Jackson County the Grand Jury indictment.

15. JEAN PETERS BAKER, Prosecuting Attorney for the County of Jackson County and Jordan R. Burges Assistant Prosecutor held the indictment open from September 2, 2016, until February 3, 2021, four years and five months with no evidence in the record of a crime, with no investigation by any bonded investigator/agency.

16. JEAN PETERS BAKER allowed unverified evidence in the record to support an arrest warrant to be issued on December 15, 2015.

17. JEAN PETERS BAKER caused a false Public Notice to be released to the media about the Plaintiff.

18. JEAN PETERS BAKER as allowed a false posting on their web site since December 2015 and is still there today.

19. DARRYL FORTE Jackon County Sheriff on December 21, 2015, failed to enter Plaintiff into the M.A.C.H. data base, there in allowing a rouge FBI agent to make it appear to the Judiciary/legal community and the general public that the

FBI arrested the Plaintiff, giving credence to the altered evidence that was used to arrest, prosecute and indict the Plaintiff.

20. JEAN PETERS BAKER, custodian of the record for Jackson County Prosecutors office, failed to provide the investigating agency number, requested under Missouri sunshine law.

21. JEAN PETERS BAKER custodian of the record for Jackson County Prosecutors office, failed to provide any information on the Grand Jury indictment, when requested under Missouri sunshine law.

22. JEAN PETERS BAKER custodian of the record for Jackson County Prosecutors office, failed to provide the Prosecutor Bond identifiers that is required for Prosecution of the subject, when requested under Missouri sunshine law.

23. Relevant Federal Codes violated: 18 U.S. Code § 241, Conspiracy against rights Also 18 U.S. Code § 242, Deprivation of rights under color of law

## IV PLAINTIF'S INJURIES

24. As a direct and proximate result of Defendants JEAN PETERS BAKER, and JORDAN ROSS BERGUS, Defendants actions or omissions heretofore described. Plaintiff was deprived of his personal civil freedoms and liberties as afforded to him by the 4th, 5th and 9th Amendments to the Constitution of the United States of America.

25. As a direct and proximate result of Defendant JEAN PETERS BAKER, and JORDAN ROSS BERGUS actions or omissions heretofore described. Plaintiff suffered actual damages in that Plaintiff lost income, loss of Credit, Defamation of Character, Slander and continuing to this day in commerce. Plaintiff lost job opportunities/contracting/time. Plaintiff owes debts for attorney's fees incurred related to his unlawful arrest and indictment, and Plaintiff suffered emotional and psychological pain and distress for 85 months.

26. As a direct and proximate result of Defendant DARRYL FORTE Jackon County Sheriff, actions or omissions heretofore described, created the illusion that the FBI made the arrest therein supporting the altered and manipulated evidence and their fundamental and substantive uses in a M.A.C.H. state Data base. Allowing an FBI agent to represent his agency arrested the Plaintiff. Giving the agent the substance of his investigation aimed at the Judiciary and other related Data Bases including PATHFINDER causing the continuous treatment of Plaintiff by Jackson Couty, the Judiciary, and other financial data bases Pathfinder connects with.

## V. RELIEF SOUGHT BY PLAINTIFF

27. Plaintiff requests compensatory damages against the Defendants herein, jointly and severally, for his lost income, lost job opportunities, lost Credit, emotional and psychological distress, pain, and suffering, and defamation of Charter, slander for attorney's fees incurred as relate to the foregoing, in an amount determined to be fair and adequate based upon the evidence presented at the trial of this matter.

28. Plaintiff further seeks an award of punitive damages against the Defendants herein, jointly and severally, in that their violations of Plaintiff's civil liberties and freedoms afforded to him by the 4th, 5th, and 9th Amendments to the Constitution of the United States of America were committed knowingly, willfully, or with gross negligence or disregard for Plaintiff's civil rights.

29. Plaintiff requests that his name be removed from the Pathfinder data base.

Constitution rights of the United States of America were committed knowingly, willfully, or with gross negligence or disregard for Plaintiff's civil rights. The accrued damages of $100,000,000.00

Case 4:23-cv-00072-SRB     Document 1     Filed 02/03/23     Page 5 of 6

One Hundred Million dollars for all categories of damages list in this Petition. Certified and Closing Under Federal Rule of Civil Procedure 11

I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, and will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

## DEMAND FOR JURY TRIAL

30. Plaintiff hereby demands trial by jury on all issues so triable.

X _____
    Carl Edward Long

Feb 3, 2023
Date

## JURAT

Jackson county )
          ) ss.
Missouri state )

Subscribed and sworn to (or affirmed) before me, a notary public, on this _____ 3rd _____ day of January 2023, by CARL EDWARD LONG, personally known to me or proved to me on the basis of satisfactory evidence to be the man who stood & executed this Affidavit of Criminal Complaint before me this day of his own free will, act, and deed.

Notary Public _Matthew Hoskins_
              Printed Name

My Commission Expires _12/01/2025_

WITNESS my hand & seal.

_____
Signature

MATTHEW HOSKINS
Notary Public-Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires 12/1/2025
Commission # 21675859

Case 4:23-cv-00072-SRB    Document 1    Filed 02/03/23    Page 6 of 6